**AGINS et, Plaintiffs, v. UNIVERSITY HEIGHTS (City) et, Defendants.**

Common Pleas Court, Cuyahoga County.

No. 625389.   Decided October 8, 1952.

Myron D. Malitz, William J. Kraus, Cleveland, for plaintiff. Roland A. Baskin, Krueger, Gorman & Davis, Cleveland, for defendants.

## OPINION

By MERRICK, J:

Plaintiff brings this action as a taxpayer by way of a class suit and claims that §4314 GC authorizes such action.   He claims that a request was made and served upon the law director of the defendant city and a refusal to bring suit followed.

Plaintiff contends that the defendants Huge have been operating a commercial business enterprise for many years and have been using land previously dedicated for street purposes in furtherance of such private business.

Plaintiff prays for an order of court requiring such alleged users of public streets to account for such usage and that a master be appointed to fix the amount due the city for such usage.

The petition also contains other claims and requests which by stipulation of counsel are now conceded to be moot questions.

Many defenses are raised in this action but this Court

is of the opinion that a decision on two phases of the case is dispositive of the entire case.

I am unable to find any authority or text author supporting the theory that a municipal government can maintain a claim on a quantum basis for unauthorized use of its streets in the absence of franchise or contract by ordinance.

Even if a demand were to be made upon the proper officer of the city, he could not have any basis in law or by statute for the institution of such claim. His only remedy would be in equity by injunction in the name of the city, or in criminal law by steps incident to a prosecution for violation of some law or ordinance.

A careful reading of §§4311, 4312, 4313, 4314 GC, seems to indicate that recovery of money for the use of a street is not contemplated as coming within the purview of these sections.

Similar statutes were interpreted by the court of appeals for this district in the case of Worthington v. Akron, 18 C. C. Rep., (N. S.) 208.

The disposition of the question is contained in the syllabus as follows:

"A plaintiff can not maintain an action against a municipality and others for obstructing a street, either in his individual capacity or as an abutter upon the street, unless the nuisance sought to be abated is private and personal to him, affecting him or his property in a manner differing not merely in degree, but in kind from its effect upon the community in general, and he can not maintain such action as a taxpayer, for want of statutory provision therefor."

In a later case, **Fischer v. City of Cleveland, 42 Oh Ap, 75,** which is likewise a decision of the reviewing court of this jurisdiction, we find this language on page 83 of Judge Vickery's opinion:—

"Now there is not a particle of evidence in this record that plaintiff did suffer any damage or injury other than that suffered by the general public if it suffered any; and therefore he could not maintain the suit, even though he had brought it in his individual capacity; and the writer of this opinion personally thinks there is no foundation for a suit by a taxpayer."

In the opinion in Fischer v. City of Cleveland, supra, is quoted a theory to be found in High on Injunctions, Vol. 1, page 724 as follows:

Sec. 762. No principle of the law of injunctions is more clearly established than that private persons seeking the aid of equity to restrain a public nuisance, must show some special injury peculiar to themselves, aside from and independent of

the general injury to the public. And in the absence of such special and peculiar injury sustained by a private citizen he will be denied an injunction leaving the public injury to be redressed upon information or other suitable proceeding by the attorney-general in behalf of the public. Even in cases of unquestioned nuisance if the party complaining shows no special injury to himself different from the common injury to the public, he is not entitled to an injunction."

Consolidating this reasoning the petition will be dismissed at the costs of the substituted plaintiff. Counsel may prepare an entry accordingly.